UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NAVY FEDERAL CREDIT UNION                         CIVIL ACTION

VERSUS                                            NO. 25-326

TONYELL TOLIVER                                   SECTION "R"

## ORDER AND REASONS

Before the Court is plaintiff Navy Federal Credit Union's ("NFCU") motion to remand.[1] Defendant Tonyell Toliver opposes the motion.[2] For the following reasons, the Court grants the motion.

## I. BACKGROUND

On May 17, 2024, NFCU filed suit in the Second Parish Court for Jefferson Parish, case number 141-256, against Toliver seeking to recover for amounts owed in unpaid credit card charges.[3]

On October 1, 2024, Toliver filed suit in the Fifth Justice of the Peace Court for Jefferson Parish against two of NFCU's lawyers alleging Fair Debt Collection Practices Act ("FDCPA") violations.[4] One suit was against Edward

---

[1]   R. Doc. 9.
[2]   R. Doc. 14.
[3]   R. Doc. 9-5 at 2.
[4]   R. Doc. 9-6 at 3; R. Doc. 9-7 at 3.

1

Bukaty, case number 24-192, and the other was against Warren Wingerter, case number 24-193.[5] On December 23, 2024, Bukaty and Wingerter moved in their respective cases to consolidate the two cases in the Fifth Justice of the Peace Court.[6]

On February 13, 2025, Toliver, filing *pro se* and *in forma pauperis*, filed a notice of removal in this Court.[7] The caption of the removal mentions only the Second Parish Court case, although the memorandum discusses the Fifth Justice of the Peace Court cases and the alleged FDCPA violations.[8] The only state court pleading that Toliver attached to the notice of removal was the state court petition in the Second Parish Court case.[9] On the Civil Cover Sheet, Toliver included all three case numbers, 141-256, 24-192, and 24-193, and the judges overseeing all three cases, Judge Beevers and Judge Cusimano.[10] Additionally, Toliver notified the Fifth Justice of the Peace Courts that she filed a notice of removal in federal court.[11]

---

[5]   R. Doc. 9-6 at 3; R. Doc. 9-7 at 3.
[6]   R. Doc. 9-6 at 47; R. Doc. 9-7 at 46.
[7]   R. Doc. 1.
[8]   R. Doc. 1 at 1–3.
[9]   R. Doc. 1-2.
[10]  R. Doc. 1-3.
[11]  R. Doc. 9-6 at 52; R. Doc. 9-7 at 51.

On March 17, NFCU moved to remand all three cases.[12] The Court considers the motion to remand below.

## II. LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g.*, M*anguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts."). Though a court must remand the case to state court if at any time before the final judgment it appears that it lacks subject matter jurisdiction, a court's jurisdiction is

---

12    R. Doc. 9.

3

fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

Under 28 U.S.C. § 1446, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity of citizenship between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

Federal question jurisdiction extends to "all actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal question jurisdiction under section 1331 extends to cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997).

## III. DISCUSSION

### A. Second Parish Court for Jefferson Parish, Case No. 141-256

4

Toliver argues in her notice of removal that the Court has jurisdiction in the Second Parish Court case because of federal question jurisdiction,[13] and she argues in her opposition to NFCU's motion to remand that there is also diversity jurisdiction.

There is no federal question jurisdiction in this case. NFCU's claim to recover unpaid amounts due on a credit card does not arise under federal laws, treaties, or the U.S. Constitution. The well-pleaded complaint does not arise under federal law and does not give rise to a substantial question of federal law.[14] This is a state law contract claim. Toliver argues that there is federal question jurisdiction because of the FDCPA claims in her Fifth Justice of the Peace Court cases.[15] But those claims were raised in separate proceedings from this Second Parish Court case, plaintiff herself asserted those claims, and a plaintiff cannot remove her own suit. *See* 28 U.S.C. § 1446(a).

Additionally, there is no diversity jurisdiction over this claim. Toliver did not invoke diversity jurisdiction in her notice of removal, as required under 28 U.S.C. § 1446(a). *Id.* (a notice of removal shall contain "a short and plain statement of the grounds for removal"). Solely raising diversity

---

[13]    R. Doc. 1 at 2.
[14]    R. Doc. 9-5 at 2.
[15]    R. Doc. 9-6 at 3; R. Doc. 9-7 at 3.

jurisdiction in her opposition is insufficient. *See Wells Fargo Bank, N.A. v. Flash Vos, Inc.*, 2006 WL 6503036, at *4 (E.D. La. June 28, 2006) (holding that, while it is likely that diversity jurisdiction existed, the case must be remanded because defendant did not invoke diversity jurisdiction in their notice of removal). Accordingly, this Court does not have jurisdiction over the Second Parish Court case.

### B. Fifth Justice of the Peace Court, Case Nos. 24-192 & 24-193

In her notice of removal, Toliver appears to have attempted to remove the two Fifth Justice of the Peace Court cases she brought against NFCU's lawyers.[16] Toliver cannot remove these cases. Toliver was the plaintiff in both. A plaintiff cannot remove her own state-court suit. *See* 28 U.S.C. § 1446(a) (noting that a defendant shall file a notice of removal to remove a civil action from a state court); *see also* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, *may be removed by the defendant or the defendants*." (emphasis added)).[17]

---

16   R. Doc. 1.
17   There were other procedural defects in the removal of these two cases. These two cases were not mentioned in the notice of removal, Toliver made no statement as to the Court's jurisdiction over Bukaty or Wingerter, and she did not include a copy of any, much less all, process, pleadings, or orders from the two cases. R. Doc. 1; *see* 28 U.S.C.

6

Therefore, the Court also must remand these cases.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS NFCU's motion to remand.

New Orleans, Louisiana, this __14th__ day of May, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

§ 1446(a). Additionally, Toliver's removal was untimely, because it was filed more than thirty days after Toliver "received" notice that the cases involved a federal question. R. Doc. 9-6 at 3 (raising the FDCPA claims on October 1, 2024); R. Doc. 9-7 at 3 (same); R. Doc. 1 (removing the case on February 13, 2025).